IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Donna L. Melvin, d/b/a/ DKR Concepts,

    Plaintiff,

           v.

Studio Twist, LLC and
Michelle Wildenhaus,

    Defendants.

CIVIL ACTION No. _____

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff, Donna L. Melvin ("Melvin"), brings this complaint for copyright infringement and unfair competition against defendants, Studio Twist, LLC and Michelle Wildenhaus (collectively "Defendants"). Melvin alleges as follows:

### THE PARTIES

1. Melvin is an individual residing at 506 Kane Drive, Ambler, Pennsylvania 19002. Melvin from time to time does business as DKR Concepts.

2. On information and belief defendant Studio Twist, LLC is a Georgia limited liability company with a place of business at 2774 North Cobb Parkway, Suite 109-358, Kennesaw, Georgia 30152 ("Studio Twist").

3. On information and belief, defendant Michelle Wildenhaus is a principal of Studio Twist, with a primary residence at 2954 Stanton Court, NW, Kennesaw, Georgia, 30144 ("Wildenhaus").

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.

§ 1331 because the action arises under the laws of the United States, and under 28 U.S.C. §§ 1331 and 1338(a) because it arises, in particular, under the Copyright Statute, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

5. Venue is proper in this jurisdiction district pursuant to 28 U.S.C. § 1391(b)(2) because the harm caused by plaintiff has been suffered in this district, and because the infringing products are available for sale in this district.

6. Defendants, and each of them, transact business in the Commonwealth of Pennsylvania.

7. Defendants ship products (including products that infringe Melvin's copyrights) into Pennsylvania, including into this judicial district.

8. Defendants realize pecuniary gain by their sales of products (including products that infringe Melvin's copyrights) into this judicial district.

## COPYRIGHTS OWNED BY MELVIN

9. Melvin is the owner of hundreds of copyrights, many of them registered with the U.S. Copyright Office.

10. Melvin is the owner of the following U.S. copyright registrations:

| Registration No. | Title | Issue Date |
|---|---|---|
| VAu 1,162,944 | Aerial DKR Concepts Knitted Patterns No. 32-102 | 12/27/13 |
| VA 1,931,268 | Aerial | 8/28/12 |
| VAu 1,174,379 | DKR Concepts Fall 2013 vol. 1 | 5/12/14 |
| VAu 1,157,097 | DKR Concepts Knit Patterns 2013 | 12/30/13 |
| VA 1,844,307 | Glass Bubbles | 10/27/12 |
| VAu 1,150,245 | DKR 01 3-color Feather | 8/20/13 |
| VAu 1,243,448 | Fall Patterns 2015 | 2/13/16 |

{00021294 1 }

Each registration covers multiple designs. Copies of these registrations are attached hereto as **Exhibit A**.

11. In addition to the issued registration certificates listed above, Melvin has several copyright applications pending for designs used by Defendants.

## BACKGROUND

12. In February 2012, Wildenhaus visited Melvin at her home in Ambler to discuss a business arrangement. As a result of these discussions, Studio Twist LLC was formed, and Melvin and Wildenhaus agreed that Defendants would sell products bearing Melvin's designs in exchange for compensation to Melvin in the amount of 10% of Studio Twist's gross sales and 50% of Studio Twist's profits ("the Agreement").

13. As a result of the Agreement, Melvin has worked with Wildenhaus and Studio Twist for a number of years. Melvin is an artist and designer who provides the designs for textile products sold by Studio Twist (the "Copyrighted Works").

14. Melvin maintains the warehouse in Fort Washington, Pennsylvania, from which samples and swatches are sent to Studio Twist sales representatives and customers.

15. Melvin supervises the production of the products in the New Jersey manufacturing facility.

16. Defendants terminated the Agreement on May 19, 2016.

## COUNT ONE - COPYRIGHT INFRINGEMENT

17. Melvin repeats and incorporates the averments of the preceding paragraphs of the Complaint as though the same were fully set forth herein.

18. The Copyright Registrations for Melvin's Copyrighted Works are valid and

subsisting.

19. The Copyrighted Works represent original works of authorship, fixed in a tangible medium of expression from which each can be perceived, reproduced, or otherwise communicated.

20. Defendants had access to the each of the Copyrighted Works.

21. Defendants have reproduced and distributed, and, on information and belief, continue to reproduce and distribute, products incorporating the Copyrighted Works, or substantially similar copies of the Copyrighted Works.

22. **Exhibit B** is a copy of Studio Twist's sales catalog, which displays and offers for sale products bearing the Copyrighted Works. For example, the infringements include (but are not limited to) the "Aloha" and "Americana" designs, covered by Registration No. VAu 1,243,448; "Coral Sea" and "Espresso," covered by VAu 1,150,245; "Driftwood" and "Landmark," covered by VAu 1,162,944; and "Deck of Cards" and "Surf," covered by VAu 1,245,574 (registration certificate not yet received). Registration and application numbers for Melvin's designs are indicated throughout Exhibit B.

23. **Exhibit C** is a copy of Studio Twist's website as of May 31, 2016, which displays and offers for sale products bearing the Copyrighted Works, including "Highlander," "Haberdashery," and "Shadow Box."

24. On information and belief, swatches bearing the Copyrighted Works have been distributed by Defendants after May 19, 2016.

25. On information and belief, products bearing the Copyrighted Works have been distributed by Defendants after May 19, 2016.

26. Defendants have infringed Melvin's copyrights by reproducing the Copyrighted

{00021294 1 }

Works, by preparing derivative works, and by distributing copies without license, permission or privilege to do so.

27. Defendants' copying and distribution of the Copyrighted Works is willful and deliberate.

28. Defendants' infringement of the Copyrighted Works has caused and will continue to cause harm to Melvin.

29. Defendants' copyright infringement and the threat of continuing and future infringement have caused, and will continue to cause, repeated and irreparable injuries to Melvin.

30. Melvin's remedies at law are not adequate to compensate for the injuries imposed by Defendants' infringements. Therefore, Melvin requires an injunction prohibiting Defendants, their agents, employees, and other persons acting in conspiracy, concert or participation with Defendant from infringing, in any manner, Melvin's Copyrighted Works, and from inducing, aiding, causing, or contributing to such infringements by others, in violation of 17 U.S.C. § 101 *et seq*.

31. As a direct and proximate result of Defendants' infringement of Melvin's copyrights, Melvin has also suffered certain monetary damages, in an amount yet to be determined.

32. Melvin is entitled to recover from Defendants such actual damages as it can prove and all of Defendants' profits gained by infringement, in accordance with 17 U.S.C. § 504(b).

33. Melvin is alternatively entitled to statutory damages in the amount of $150,000 for each Copyrighted Work Defendants have infringed, in accordance with 17 U.S.C. § 504(c).

## COUNT TWO - FEDERAL UNFAIR COMPETITION

34. Melvin repeats and incorporates the averments of the preceding paragraphs of this Complaint as though the same were fully set forth herein.

35. On information and belief, Defendants continue to offer Melvin's copyrighted works and designs for sale under the STUDIO TWIST trademark. *See*, for example, Exhibits B and C.

36. Presenting customers with Melvin's Copyrighted Works and designs under the STUDIO TWIST trademark is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between Melvin and Defendants, and is also likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the products sold by Defendants.

37. Defendants' conduct constitutes false designation of origin in violation of 15 U.S.C. § 1025(a).

38. Defendants' willful and wrongful conduct has proximately caused and will continue to cause Melvin substantial injury to her reputation and goodwill and diminution of the value of her business. The amount of damage sustained by Melvin has not yet been determined.

## COUNT THREE – BREACH OF CONTRACT

39. Melvin repeats and incorporates the averments of the preceding paragraphs of this Complaint as though the same were fully set forth herein.

40. Defendants have breached their Agreement with Melvin by not paying her 10% of Studio Twist's gross sales and 50% of Studio Twist's profits through May 19, 2016.

41. Melvin has been damaged by Defendant's breach, in an amount yet to be determined.

{00021294 1}

## DAMAGES AND RELIEF

WHEREFORE, Melvin prays for relief as follows:

A.  That Studio Twist, its officers, directors, shareholders, principals, agents, servants, employees, attorneys and related companies, and Michelle Wildenhaus, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from using Melvin's Copyrighted Works and Melvin's designs, as well as any works substantially similar thereto.

B.  That this Court award Melvin damages adequate to compensate her for Defendants' acts of copyright infringement, unfair competition, and breach of contract.

C.  That Melvin be awarded statutory damages, or its actual damages and lost profits.

D.  That Defendants be required to account for any profits attributable to their infringing acts.

E.  That Defendants pay Melvin 10% of gross sales and 50% of profits from the inception of Studio Twist through May 19, 2016.

F.  That Melvin be awarded the greater of three times Defendants' profits or three times any damages sustained by Melvin and prejudgment interest.

G.  That punitive damages be awarded to Melvin.

{00021294 1 }

H. That all products bearing Melvin's Copyrighted Works in Defendants' possession, custody or control be delivered up by Defendants to Melvin.

I. That Defendants be required to pay Melvin's costs of this action together with reasonable attorneys' fees and disbursements.

J. That Melvin be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff Melvin hereby demands a trial by jury on all issues so triable.

Date: June 1, 2016

*Laura A. Genovese*
Laura A. Genovese (57,477)
K & G Law LLC
602 S. Bethlehem Pike, Bldg. B
Ambler, PA  19002
(267) 468-7961
lgenovese@kassgen.com

{00021294 1 }